IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**JOHN F. WINKELMAN,**

        Petitioner,

v.

                              CIVIL ACTION NO. 2:14-CV-72
                              (BAILEY)

**L.J. ODDO, Warden,**

        Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Robert W. Trumble [Doc. 11]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed report and a recommendation ("R & R"). Magistrate Judge Trumble filed his R&R on September 4, 2015, wherein he recommends this Court dismiss the petitioner's § 2241 petition with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Trumble's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). Petitioner timely filed his Objections [Doc. 16] on September 22, 2015. Accordingly, this Court will review the portions of the R&R to which the petitioner objects under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## Background

On June 18, 2003, a jury found the petitioner guilty of various drug and firearm charges. He was subsequently sentenced on December 12, 2003, to life in prison plus five years. The conviction was affirmed on appeal by the Third Circuit. Thereafter, petitioner filed a § 2255 petition, which was denied. Petitioner sought authorization to file a successive § 2255, but was denied. Thereafter, petitioner filed at least one additional 2255 motion which was denied as second or successive. Petitioner has now filed the instant § 2241 petition relying on the Savings Clause of § 2255(e). Specifically, the petitioner argues that a predicate offense which is now a misdemeanor was impermissibly used to enhance his sentence. In addition, the petitioner claims actual innocence.

## Discussion

The law is clearly developed that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective. *In re Vial*, 115 F.3d 1192, 1194 (4th

Cir. 1997). Moreover, in *Jones*, the Fourth Circuit held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-334 (4th Cir. 2000).

Therefore, the remedy provided under § 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under § 2241. Based on the language in *Jones*, it is clear the Fourth Circuit contemplated a situation in which a prisoner is imprisoned for an offense which is no longer a crime.

A § 2241 petition is used to attack the manner in which a sentence is executed. A § 2241 petition which challenges a federal conviction and sentence is properly construed as a § 2255 petition. The only exception to this is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. For instance, such relief is available where a prisoner is imprisoned for an offense which is no longer a crime.

The savings clause of § 2255, however, is "confined to instances of actual innocence of the underlying offense of conviction," not "innocence" of a sentencing factor. *Darden v. Stephens*, 426 F.App'x 173, 174 (4th Cir. 2011)(refusing to extend the savings

3

clause to reach the petitioner's claim that he was actually innocent of being a career offender).

## Objections

In his Objections [Doc. 16], the petitioner argues that "he has clearly shown that at the time of his conviction, the prior conviction that was used to enhance his sentence to life was a misdemeanor and had been considered that since 1984." The petitioner cites to point one of *Jones*, which states that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction . . .." *Id.* The petitioner fails to read point two which requires that "(2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." *Id.* Petitioner does not assert his prior convictions are no longer criminal, but rather that they are now misdemeanors.

"As explained by the Sixth Circuit in *United States v. Keglar*, 535 F.App'x 494 (6th Cir. 2013), although "the Supreme Court held that any fact that increases the mandatory minimum is an element that must be submitted to the jury, . . . the Supreme Court specifically declined to disturb the narrow exception for the fact of a prior conviction established by *Almendarez-Torres [v. United States*, 523 U.S. 224 ('a judge is permitted to find, based on the preponderance of the evidence, the fact of a prior conviction.'])." *See also Little v. Hamidullah*, 177 F.App'x 375, 375-76 (4th Cir. 2006); *Green v. Hemingway*, 67 F.App'x 255, 257 (6th Cir. 2003) ("Even if it is assumed that [Petitioner]'s allegations are true, the 'actual innocence' exception of the savings clause of § 2255, as it has been

interpreted by this Court, is actual innocence of the underlying, substantive offense, not innocence of a sentencing factor.") (internal quotations omitted); ***Kinder v. Purdy***, 222 F.3d 209, 213-14 (5th Cir. 2000) (holding that § 2241 is not available where a petitioner "makes no assertion that he is innocent of the crime for which he was convicted"); ***White v. Rivera***, 518 F.Supp.2d 752, 757 n.2 (D. S.C. 2007), *aff'd* 262 F.App'x 540 (4th Cir. 2008) ("Furthermore, his 'actual innocence' argument concerning an enhancement does not entitle him to relief under § 2241, as it 'is not the type of argument that courts have recognized may warrant review under § 2241.'"); ***Boynes v. Berkebile***, No. 5:10cv00939, 2012 WL 1569563, *7 (S.D. W. Va. May 1, 2012).

Recently, the Fourth Circuit Court of Appeals reiterated that "***Jones*** opened a narrow gateway to § 2241 relief for certain prisoners found actually innocent of their offenses of conviction, allowing relief only where the acts for which the defendant was convicted are not a crime." ***United States v. Surratt***, 2015 WL 4591677 (4th Cir. July 31, 2015). Surratt claimed he was innocent of the career offender status. The Court refused to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender. The Court explained, "[t]he traditional view of actual innocence focuses on the elements of the crime of conviction and nothing in ***Jones*** deviates from that settled approach." *Id.* at *6. For the same reason, the petitioner's claims must also fail. Because Winkelman has not satisfied the requirements of § 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. Accordingly, the petitioner's Objections [Doc. 16] are **OVERRULED**.

## Conclusion

Therefore, upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 11]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. The petitioner's Objections **[Doc. 16]** are **OVERRULED**. Accordingly, this Court **ORDERS** that the petitioner's § 2241 petition **[Doc. 1]** be **DENIED** and **DISMISSED WITH PREJUDICE**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that Mr. Winkelman has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** September 24, 2015.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE